ORIGINAL    FILED

1

2006 SEP 27 PM 1: 24

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

- - -

THE HONORABLE CHRISTINA A. SNYDER, JUDGE PRESIDING

UNITED STATES OF AMERICA,
               Plaintiff,
vs.
                                    CR-02-3-CAS-1
KHALIL MOHAMMED, et al.,
               Defendants.

-------------------------------

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

March 23, 2005


SHARON A. SEFFENS, RPR
United States Courthouse
411 West 4th Street, Suite 1-1053
Santa Ana, CA  92701
(714) 543-0870

```
 1  APPEARANCES OF COUNSEL:

 2  For the Plaintiff:

 3  DEBRA W. YANG
    United States Attorney
 4  STEVEN D. CLYMER
    Special Assistant United States Attorney
 5  Chief, Criminal Division
    MICHAEL J. STERN
 6  Assistant United States Attorneys
    312 North Spring Street
 7  Los Angeles, CA  90012

 8  For Defendant SAID ABDELAZIZ:

 9  DAVID J.P. KALOYANIDES
    DAVID J.P. KALOYANIDES LAW OFFICES
10  One Wilshire Building
    624 South Grand Avenue, Suite 2200
11  Los Angeles, CA  90017-3323

12  For Defendant RASHEED AZIZ:

13  GEORGE BUEHLER

14  ALSO PRESENT:

15  Arabic Interpreter

16

17

18

19

20

21

22

23

24

25
```

```
 1    LOS ANGELES, CALIFORNIA; MARCH 23, 2005; P.M. SESSION
 2              THE COURT:  Calling Case No. CR-02-3-CAS,
 3    United States of America versus Rasheed Aziz, et al.
 4              Counsel, please state your appearances.
 5              MR. STERN:  Good afternoon, Your Honor.  Michael
 6    Stern appearing on behalf of the United States.
 7              MR. KALOYANIDES:  Good afternoon, Your Honor.
 8    David Kaloyanides for Mr. Said Abdelaziz who is present in
 9    court.
10              MR. BUEHLER:  George Buehler for Rasheed Aziz who
11    is present in court.
12              THE COURT:  Good afternoon.
13              Well, let's see where are we in relationship to
14    yesterday's request.
15              MR. STERN:  With respect to yesterday's request,
16    last night and this morning we went through and picked out
17    the testimony.  Frankly, it's not that much.  I think we are
18    happily surprised.  Around 7:30 or 8:00, I gave to your
19    court reporter some of the testimony, and I think she was
20    willing to begin separating it out as she did before.
21    Defense counsel and I have not yet had an opportunity to
22    confer on it.  It's fairly discrete.  There just isn't that
23    much.
24              THE COURT:  Where do we stand?
25              COURT REPORTER ELIAS:  I have the corrections, and
```

```
1    I think I will probably be done with that in an hour.
2            THE COURT:  Well, my thought is you should probably
3    meet and confer.
4            MR. STERN:  If we can have maybe 10 to 15 minutes,
5    we would like to identify any issues we have.  I don't think
6    there is going to be any substantive -- maybe one issue that
7    the Court can look at in less than a minute and decide, so
8    it would be relatively quick.
9            THE COURT:  Well, my thought would be to do this,
10   have readback somewhere near the end of the day if you can't
11   resolve it now.  If you can resolve it now, I would be happy
12   to have the readback before the other jury comes back
13   assuming our jury gets back from lunch.
14           MR. STERN:  I think your court reporter will need
15   an hour to finish.
16           THE COURT:  I think we will have to do it this
17   afternoon probably around 4:30.
18           MR. STERN:  Is there any chance that Judge
19   Chapman --
20           THE COURT:  She can't do it today.  She could do it
21   tomorrow.
22           MR. STERN:  I think it's problematic to have a jury
23   who is deliberating wait four or five hours.
24           THE COURT:  I understand.
25           How long is this going to take to read?
```

1    COURT REPORTER ELIAS: Maybe an hour. I would say
2 about the same as last time.
3    THE COURT: We have told them it may take some
4 time. We can't have other people -- you have to be fair to
5 all the jurors. They take on a special life because they
6 are not a criminal jury.
7    MR. STERN: Might there be a different
8 magistrate --
9    THE COURT: Most magistrates think it's
10 inappropriate to do it. It's not under the general orders.
11 It's really something that's done as a personal favor. I am
12 happy to call and see, but I think she indicated this is a
13 very difficult day for her because she is in an all-day
14 session. If for some reason its terminated earlier, then I
15 will ask her to do it.
16    Keep in mind, Mr. Stern, I did tell the jury in the
17 note I sent up yesterday it was going to take us some time.
18 It was either going to be late today or early Thursday. I
19 don't know that they are sitting around thinking that we are
20 slow on this. If it takes Ms. Elias an hour from now -- let
21 me assume she has it 2:00. You people meet. If judge
22 Chapman can't do it, we are probably only losing an hour's
23 time.
24    MR. STERN: I understand. I know that a lot of
25 times when the jury has been giving us notes it's taken four

1  or five hours.  I am concerned about that.
2          THE COURT:  I know.  We are doing our best.  Let's
3  plan 4:30 -- let's come back at 4:00.  Hopefully, you will
4  have resolved all the issues.
5          MR. STERN:  That's fine.  Thank you.
6                  *(Proceedings were adjourned.)*
7                           -oOo-

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  September 22, 2006

Sharon A. Seffens            9/22/06
_____
SHARON A. SEFFENS, U.S. COURT REPORTER